IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Frederick Radford,

        Petitioner,

v.

Victor Walker,

        Respondent.

1:07-cv-01756-WSD

## OPINION AND ORDER

The matter is before the Court on petitioner Frederick Radford's ("Petitioner") Motion for a Certificate of Appealability [23] and Motion to Appeal *In Forma Pauperis* [25].

Petitioner filed this *habeas corpus* action challenging his conviction and sentence by the Superior Court of Clayton County, Georgia. On February 1, 2006, Petitioner was convicted by a jury of felony murder, aggravated assault, and possession of a firearm during the commission of a crime. The Superior Court sentenced Petitioner to life in prison on the felony murder charge and a consecutive five-year sentence on the firearm possession charge.

Petitioner obtained new counsel and, on February 28, 2006, filed a motion for new trial in the Superior Court. On May 16, 2006, Petitioner filed an amended

motion for new trial. Following an evidentiary hearing, the Superior Court denied Petitioner's amended motion for new trial.

On June 20, 2006, Petitioner filed a notice of appeal with the Supreme Court of Georgia. Petitioner raised two grounds for his appeal: (1) ineffective assistance of counsel, and (2) insufficiency of the evidence to support his convictions.

On November 20, 2006, the Supreme Court of Georgia affirmed Petitioner's conviction. Radford v. State, 637 S.E.2d 712 (Ga. 2006).

Petitioner did not move for a rehearing, collaterally attack his conviction in the Georgia courts, or seek a writ of certiorari to the United States Supreme Court. Accordingly, Petitioner's convictions became final when his time limit to file for a writ of certiorari expired ninety (90) days after the Supreme Court of Georgia affirmed his convictions – on February 20, 2007.[1] Taylor v. Williams, 528 F.3d 847, 848 (11th Cir. 2008); Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1274-75 (11th Cir. 2006); Sup. Ct. R. 13.1.

---

[1] Ninety days after November 20, 2006 is February 18, 2007, which was a Sunday. February 19, 2007 was a legal holiday. The Supreme Court's Rules provide that the last day of a period is included in the time calculation unless it falls on a weekend or legal holiday, in which case the deadline for filing is the next business day. Sup. Ct. R. 30.1.

On July 17, 2007, Petitioner mailed his Section 2254 petition to this Court [1].[2] The petition raises three grounds for relief: (1) ineffective assistance of counsel; (2) the Georgia courts' alleged errors in applying the standards of Strickland v. Washington, 466 U.S. 668 (1984); and (3) insufficiency of evidence to support Petitioner's felony murder conviction. Petitioner also stated three grounds which he admits are unexhausted but for which he may wish to seek relief in the future: (1) violations of Brady v. Maryland, 373 U.S. 83 (1963); (2) ineffective assistance of counsel on "other issues;" and (3) unconstitutional jury charge.

On March 21, 2008, Magistrate Judge Walker issued a Report and Recommendation recommending dismissal of the petition [17].

On April 1, 2008, Petitioner mailed a Motion to Dismiss Without Prejudice [18]. The Motion to Dismiss sought dismissal of this action without prejudice so that Petitioner could present his unexhausted grounds for relief to the Georgia state courts.

---

[2] A *pro se* federal habeas petition is deemed filed on the date it was delivered to prison authorities for mailing. Alexander v. Sec'y, Dep't of Corr., 523 F.3d 1291, 1293 n.4 (11th Cir. 2008); Houston v. Lack, 487 U.S. 266, 275 (1988).

On August 6, 2008, this Court denied Petitioner's Motion to Dismiss Without Prejudice [20]. The Court also adopted Magistrate Judge Walker's Report and Recommendation and dismissed Petitioner's *habeas* petition.

On August 13, 2008, Petitioner mailed a Notice of Appeal of the Court's decision to the Eleventh Circuit [21]. On August 18, 2008, Petitioner filed a motion for a certificate of appealability in this Court [23]. On August 25, 2008, Petitioner filed a motion to proceed on appeal *in forma pauperis*, with a supporting affidavit [25].

Under Federal Rule of Appellate Procedure 22(b), an appeal of a denial of a *habeas corpus* petition cannot proceed unless a certificate of appealability is issued pursuant to 28 U.S.C. § 2253(c)(1)(A). "In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue . . . . If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate." Fed. R. App. P. 22(b)(1); accord Edwards v. United States,

114 F.3d 1083, 1084 (11th Cir. 1997) ("District courts must consider and rule upon the propriety of issuing the COA first, that is, before a request for a COA will be received or acted on by this court or a judge of this court.").

A certificate of appealability ("COA") may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "In determining whether to grant a COA, we 'look to the District Court's application of [the Anti-Terrorism and Effective Death Penalty Act of 1996] to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason.'" United States v. Futch, 518 F.3d 887, 895 (11th Cir. 2008) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). A petitioner is not required to show that his constitutional claims would succeed on appeal, but must demonstrate only that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. Miller-El, 537 U.S. at 338 ("Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.").

If a judge determines to issue a certificate of appealability, the judge must state specifically the issue or issues for which the petitioner has made the required showing of the substantial denial of a constitutional right. 28 U.S.C. § 2253(c)(3).

Petitioner seeks a certificate of appealability on the following issues: (1) whether Petitioner's 6th Amendment rights were violated by ineffective assistance of counsel where Petitioner's trial counsel did not present mitigating evidence of paranoid schizophrenia; (2) whether Petitioner's trial counsel's decision not to further investigate Petitioner's mental health conditions constitutes ineffective assistance of counsel; (3) whether the Court erred in dismissing the petition without holding an evidentiary hearing; (4) whether the Court erred in denying Petitioner's Motion to Dismiss Without Prejudice; and (5) whether the Court's denial of Petitioner's ineffective assistance of counsel claims was based on an unreasonable determination of the facts.

The Court again reviewed in detail the Petitioner's alleged grounds for relief and the law and facts governing those claims. The Court concludes that a certificate of appealability is appropriate on Petitioner's ineffective assistance claims and on the Court's denial of Petitioner's Motion to Dismiss Without Prejudice. Although the Court is confident in its rulings on those claims, the

Court also acknowledges that resolution of the claims may be "debatable amongst jurists of reason."

A certificate of appealability is not appropriate, however, on the Court's decision not to hold an evidentiary hearing. "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro v. Landrigan, 550 U.S. 465, ___, 127 S. Ct. 1933, 1940 (2007). The Superior Court already held a hearing on Petitioner's motion for a new trial, the record of which was available to this Court in reviewing Petitioner's *habeas corpus* petition. That factual record was sufficient for the Court to rule on the Petition. Likewise, Petitioner's fifth requested ground for appeal also is denied as to an "unreasonable determination of the facts." To the extent Petitioner wished to raise "unreasonable determination of the facts" in his *habeas* petition, he did not do so, and that ground is waived. Futch, 518 F.3d at 895. The Court did not otherwise "determine" any facts in ruling on Petitioner's *habeas* action. The Court relied on the factual record

developed at trial and at the Superior Court evidentiary hearing, both of which were considered by the Georgia Supreme Court.[3]

For the forgoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Certificate of Appealability [23] is **GRANTED IN PART**. The Court hereby grants a certificate of appealability on the following issues:

(1) whether Petitioner's 6th Amendment rights were violated by ineffective assistance of counsel where Petitioner's trial counsel did not present mitigating evidence of paranoid schizophrenia;

---

[3] Petitioner also filed a motion and affidavit in support of his request to proceed *in forma pauperis* on appeal. A party must satisfy two requirements to appeal an action *in forma pauperis*: 1) the party must show an inability to pay; and 2) the appeal must be brought in good faith. See Jones v. Grayer, No. 1:06-cv-2594-RWS, 2007 WL 4289667, at *3 (N.D. Ga. Nov. 30, 2007); Fed. R. App. P. 24(a)(3). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An party lacks good faith in bringing an appeal if the appeal is without arguable merit in law or fact. Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004). Petitioner's affidavit establishes his inability to pay for an appeal, and his claims on appeal are not without arguable merit. Petitioner's motion to appeal *in forma pauperis* is granted.

(2) whether Petitioner's trial counsel's decision not to further investigate Petitioner's mental health conditions constitutes ineffective assistance of counsel; and

(3) whether the Court erred in denying Petitioner's Motion to Dismiss Without Prejudice.

**IT IS HEREBY FURTHER ORDERED** that Petitioner's Motion to Appeal In Forma Pauperis [25] is **GRANTED**.

**SO ORDERED** this 8th day of January 2009.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE